J-S25039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GEORGE SEAMAN, JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LISA A. SEAMAN, | |
| Appellant | No. 1931 WDA 2014 |

Appeal from the Order Entered October 23, 2014
in the Court of Common Pleas of Greene County
Civil Division at No.: A.D. No. 32 of 2013

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 06, 2015**

Appellant, Lisa A. Seaman (Wife), appeals from the order of equitable distribution.  Wife asserts that the order failed to provide economic justice and greatly favored her former husband, Appellee, George Seaman, Jr., (Husband).  Finding no abuse of discretion, we affirm.

The parties were married on March 31, 2006.  (**See** Special Master's Report, 8/26/14, at 3).  Both were born in 1963.  It was the second marriage for each.  They separated in December of 2012.  The marriage produced no children.

---

[*] Retired Senior Judge assigned to the Superior Court.

Both parties are high school graduates, and are in apparent good health. During the marriage the couple lived in property already owned by Husband. Wife also owned pre-marital residential property (consisting of a mobile home on real estate) in West Virginia.

Husband is employed in the family cattle trading business, G. William Seaman, LLC, started by his parents. During the marriage, Husband acquired a 49% ownership interest in the business. Wife became employed in the family business as well, but did not acquire any ownership interest. Following the separation, Wife's employment was terminated. She has since obtained part-time employment elsewhere at a lower salary.

During the marriage Husband and Wife also operated their own cattle business, 2SCattle. They used a line of credit, a home equity loan, and profits to finance the purchase of cattle for their business. After the separation, Husband began operation of 2SCattle for himself, as the Bill Seaman Cattle Company.

The special master held a hearing on May 5, 2014. After the hearing he submitted a report and recommendations. Wife filed exceptions. The trial court denied the exceptions in its order granting divorce and equitable distribution. (*See* Order, 10/23/14, at unnumbered pages 1-4). The overall scheme of the equitable distribution was to award Wife 53% of the marital estate and 47% to Husband. (*See id.* at unnumbered page 3; *see also* Special Master's Report, at 26).

- 2 -

Wife filed a motion for reconsideration, which the court denied on November 6, 2014. This timely appeal followed on November 20, 2014.[1]

Wife presents six questions for our review:

I. Did the trial court err/abuse its discretion in awarding the marital residence to Husband, when Husband clearly has the greater earning capacity and is more capable of obtaining another mortgage given that Wife remained in the home during separation?

II. Did the trial court err/abuse its discretion in failing to direct Husband to reimburse Wife for all Husband's personal expenditures from marital funds, including but not limited to, payment of federal and state income tax assessed on an asset that was found by the master to be Husband's non-marital asset?

III. Did the trial court err/abuse its discretion in reducing the equity in the marital residence by speculative costs and expenses such as realty transfer tax and real estate agent commission when there was no direction that the real estate be sold?
.
IV. Did the trial court err/abuse its discretion by considering the value of the Wife's premarital real estate together with the value of a mobile home thereon when those items were transferred to Wife separately in making an assessment of increase in value of the asset(s)?

V. Did the trial court err/abuse its discretion in failing to direct Husband to pay to Wife some portion of her counsel fees and expert expenses?

VI. Did the trial court err/abuse its discretion in failing to consider that both marital funds and marital loan accounts were

_____

[1] The trial court did not order a statement of errors. The court entered an order on December 2, 2014, adopting and referencing the Special Master's Report as explanation for its final order and decree. **See** Pa.R.A.P. 1925.

used to purchase livestock that formed part of the marital estate?

(Wife's Brief, at 4-5) (most capitalization omitted).

Wife argues that the overall scheme of equitable distribution failed to provide economic justice. (**See id.** at 7). She maintains that the trial court's decision, which generally adopted the Special Master's Report and Recommendation, was highly favorable to Husband and detrimental to her, and should be vacated. (**See id.** at 18). We disagree.

> We review an equitable distribution order for an abuse of discretion.
>
> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

**Reber v. Reiss**, 42 A.3d 1131, 1134 (Pa. Super. 2012), *appeal denied*, 62 A.3d 380 (Pa. 2012) (citations omitted). Similarly, "[o]ur scope of review requires us to measure the circumstances of the case against the objective of effectuating economic justice between the parties in discerning whether

the trial court misapplied the law or failed to follow proper legal procedure." ***Gates v. Gates***, 933 A.2d 102, 105 (Pa. Super. 2007) (citation omitted).

Here, preliminarily, we observe that the argument in Wife's brief consists principally in the presentation of a collection of objections to the order with the implicit common theme that the case should be remanded for her to receive a more favorable result. (***See*** Wife's Brief, at 7-18). However, Wife fails to develop an argument that the allocations of which she complains are the result of a misapplication of the law or failure to follow proper legal procedure.

Furthermore, aside from a few (four) citations to caselaw, mostly for simple recitation of general principles, Wife fails to support her claims with pertinent precedent, or develop any arguments that the trial court's decision in any way violated controlling authority. (***See id.***; ***see also*** Husband's Brief, at 3) ("The issues raised by Wife . . . are simply not supported by any legal precedent, caselaw, or record created in this case.").

Therefore, Wife has failed to make the required showing of an abuse of discretion by clear and convincing evidence. ***See Reber***, ***supra*** at 1134. Nor has she demonstrated how the law has been overridden or misapplied or that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. (***See id.***; ***see also*** Wife's Brief, at 7-18).

We recognize that Wife's disappointment is general and palpable. Nevertheless, we conclude that she has not demonstrated an abuse of discretion. Moreover, we decline Wife's implicit invitation to re-weigh the arguments in her six claims to afford her a more agreeable result. We are also mindful that the scheme of distribution is to be considered as a whole, not piecemeal. *See Reber*, *supra* at 1134. Under our standard of review, none of Wife's claims merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2015